Case 1:22-cv-00106   Document 5   Filed on 09/28/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNY ALAN ROBLES, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:22-cv-106 | |
| § | CRIM. ACTION NO. 1:15-1062-1 | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 22, 2022, Petitioner Kenny Alan Robles filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Robles's petition is untimely filed and substantively meritless.

**I. Background**

    **A. Factual Background**

        **1. Indictment & Guilty Plea**

On December 1, 2015, the grand jury indicted Robles with (1) conspiracy to possess with the intent to distribute more than five kilograms of cocaine; (2) conspiracy to import more than five kilograms of cocaine; (3) possession with the intent to distribute more than one kilogram of heroin; (4) possession with the intent to distribute more than five kilograms of cocaine; (5) possession with the intent to distribute more than one kilogram of methamphetamine; and (6) possession with the intent to distribute more than five kilograms of cocaine. U.S. v. Robles, Criminal No. 1:15-1062-1, Dkt. No. 13 (J. Hanen presiding) [hereinafter CR].  The indictment was later amended as to Count Six, to charge Robles

1

with possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B) and 18 U.S.C. § 2. CR Dkt. No. 34.

On April 14, 2016, Robles entered into a plea agreement with the Government. CR Dkt. No. 36. Robles agreed to plead guilty to the amended Count Six. Id. The plea agreement stated that Count Six charged Robles with "possession with intent to distribute a quantity more than 500 grams of cocaine, in violation of Title 21, United States Code, § 841(a)(1) and 841(b)(1)(B)," but did not mention 18 U.S.C. § 2. Id., p. 1. In exchange for the guilty plea, the Government agreed to recommend that Robles be given full credit for acceptance of responsibility, recommend that he be sentenced at the low end of the Guidelines and would dismiss the remaining counts against him. Id.

On that same day, Robles appeared before the Magistrate Judge to plead guilty to Count Six. CR Dkt. No. 100.

In going over the charge to which Robles was pleading guilty, the Magistrate Judge informed Robles that the indictment alleged "a violation of Title 18, United States Code, Section 2. Now, that's the aiding and abetting provision." CR Dkt. No. 100, p. 22. The Magistrate Judge added

> And in order to prove that you violated that statute, the Government would have to prove beyond a reasonable doubt: number one, that there was a criminal venture; number two, that you engaged in some sort of an act; and, number three, that by your act you intended or helped the crime to succeed. Now, Mr. Robles, do you understand the elements of 18 U.S. Code Section 2?

CR Dkt. No. 100, p. 23.

Robles replied, "Yes, Your Honor." Id.

The Magistrate Judge also informed Robles as to how violating 18 U.S.C. § 2 would impact his case.

> [The Court] All right. Gentlemen, the two of you need to understand another consequence of violating Title 18, United States Code, Section 2. And what that is, is that everybody else is responsible for what everybody else does or has. Let me give you an example. Let's just say there are five people. Each of those five people have two kilograms of cocaine. All five people are responsible for all ten kilograms of cocaine, even though each individual

only possessed two kilograms of cocaine. Do the two of you understand that consequence of 18 U.S. Code Section 2?
[Robles]: Yes, Your Honor.
CR Dkt. No. 100, pp. 24-25.

Robles also affirmed that his lawyer explained to him the consequences of 18 U.S.C. § 2 and how it applied to his case. CR Dkt. No. 100, pp. 24-25.

Robles also affirmed that other than what was contained in his plea agreement, no one had promised him anything in exchange for his guilty plea. CR Dkt. No. 100, p. 42. He also stated that his lawyer had answered all of his questions concerning his case. Id., p. 12.

The Magistrate Judge then explained to Robles that he had the right to a jury trial, with the full presumption of innocence, with the Government required to prove guilt beyond a reasonable doubt. CR Dkt. No. 100, pp. 14-16. The Magistrate Judge also discussed how Robles had the right to compel witnesses to testify on his behalf and the right to remain silent. Id. Robles stated that he understood those rights and his lawyer had explained them to him. Id.

The Magistrate Judge then noted that by pleading guilty, Robles waived all of his constitutional rights and defenses to the charge and was "consenting to a binding judgment of conviction and the imposition of an appropriate sentence based just upon your guilty plea." CR Dkt. No. 100, pp. 16-17. Robles stated that he understood he was waiving his rights. Id.

The Court established that Robles had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 100, pp. 8–46.

On May 18, 2016, the District Judge adopted the Report and Recommendation of the Magistrate Judge and accepted Robles's guilty plea. CR Dkt. No. 38.

### 2. Presentence Report

In the final presentence report ("PSR"), Robles was assessed a base offense level of 36, because his relevant conduct was determined to involve 42,446 kilograms of

marihuana. CR Dkt. No. 40, pp. 11-12. When a defendant's relevant conduct in a drug case encompasses multiple illegal substances, those substances are converted to an equivalent weight in marihuana, which is then used to calculate the base offense level. U.S.S.G. § 1B1.1. Rosales was given a three-level enhancement for serving as a manager/leader of the conspiracy. CR Dkt. No. 40, p. 13. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Rosales had a total offense level of 36. Id.

Regarding his criminal history, Robles had 15 adult criminal convictions and was assessed five criminal history points. CR Dkt. No. 40, pp. 14-18. He was assessed an additional two criminal history points because he was on state supervised released at the time he committed the instant offense. Id. Thus, he was assessed seven total criminal history points, resulting in a criminal history category of IV. An offense level of 36 and criminal history category of IV, produced a sentencing guideline imprisonment range of 262 to 327 months.

### 3. Sentencing

Robles timely objected to the PSR, arguing that (1) it overstated the relevant conduct which could be attributed to him; (2) he was not a manager or supervisor; and, (3) his criminal history was wrongly calculated. CR Dkt. No. 39.

On March 20, 2017, the Government filed a motion for a downward departure under U.S.S.G. § 5K1.1, citing Robles's substantial assistance, and seeking a reduction of up to 1/3rd of his sentence. CR Dkt. No. 57.

On March 21, 2017, the Court held the sentencing hearing. CR Dkt. No. 98. Robles and the Government reached an agreement that his base offense should be 34 instead of 36. Id., pp. 2-3. In exchange, Robles dropped his objections to the manager/supervisor enhancement and the calculation of his criminal history score. Id. The resulting guideline sentencing range was 210 to 262 months. Id., p. 4. If the Court granted the Government's motion for a downward departure, the new guideline sentencing range was 140 to 175 months. Id. The Government recommended a sentence of 140 months. Id.

The Court sentenced Robles to 140 months imprisonment, and five years of supervised release. CR Dkt. No. 58. Judgment was entered on April 10, 2017. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Robles's deadline for filing a notice of appeal passed on April 24, 2017.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 28, 2022, Robles filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Robles makes four claims, which the Court restates as two claims: (1) that the Government breached the plea agreement by not listing 18 U.S.C. § 2 in the agreement and (2) his lawyer coerced him to plead guilty by promising that he would only serve 87 months.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II. Applicable Law

### A. Section 2255

Robles seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally,

a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principal application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued their claim. Id. at 403.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Robles's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Robles's claim.

**A. Timeliness**

Robles's § 2255 motion is untimely filed and should be dismissed.

As previously noted, Robles did not file a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A)(I), 26(a)(2). Robles's deadline for filing a notice of appeal passed on April 24, 2017, without an appeal being filed. Thus, Robles's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

The statutory deadline began to run when his conviction became final. As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

As to the former, the deadline for Robles to file his § 2255 petition passed on April 24, 2018, which was one year after his conviction became final. As to the latter, all of the relevant facts – concerning the plea agreement and any promises made by counsel – could have been discovered by Robles at the time of sentencing. Thus, his deadline passed on April 24, 2018, with no petition being filed. Indeed, Robles was aware of this, because on March 12, 2018, he asked the Court for an extension of time to file a 2255 petition. CR Dkt. No. 60. The Court denied the motion on the grounds that it lacked the jurisdiction to prospectively grant an extension of time and could only judge the timeliness of a petition that was actually filed. CR Dkt. No. 62.

Robles's petition was not filed until August 22, 2022, over four years after the deadline expired. Accordingly, the petition is untimely filed and should be dismissed on that basis.

Moreover, there is no basis for equitable tolling in this case. Equitable tolling requires that Robles pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Robles is required to show that he exercised "reasonable diligence," rather than "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010). There is no evidence in the record that Robles did anything to diligently pursue his rights within the statutory one-year period to prepare and file his petition.

In short, Robles has not demonstrated reasonable diligence. For that reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.

Accordingly, Robles's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

**B. Breach of Plea Agreement**

Robles argues that the Government breached the plea agreement by failing to include 18 U.S.C. § 2 as one of the statutes that he violated. This claim is meritless.

The Government "must strictly adhere to the terms and conditions of its promises in the agreement." U.S. v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005) (citing U.S. v. Valencia, 985 F.2d 758, 761 (5th Cir. 1993)). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). The Court must determine if the Government's conduct was consistent with the defendant's "reasonable understanding" of the agreement. U.S. v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991).

The Government made three promises within the plea agreement: (1) it would recommend that Robles receive three points for acceptance of responsibility; (2) it would recommend that Robles be sentenced at the low end of the sentencing guidelines; and (3) it would dismiss the remaining charges against him. CR Dkt. No. 36. The Government performed all three promises during the sentencing hearing. CR Dkt. No. 98.

The failure to include 18 U.S.C. § 2 within the plea agreement was a clerical error. This error did not affect his substantial rights. U.S. v. Acuna-Chavez, 77 F. App'x 262, 264 (5th Cir. 2003). Robles was properly instructed at his re-arraignment hearing about the impact that 18 U.S.C. § 2 had on his case, he stated that his lawyer had also discussed this with him and that he understood its impact. Robles cannot claim that he was unaware that he was pleading guilty to 18 U.S.C. § 2 or was unaware of how it impacted his case. This claim is meritless and should be dismissed.

### C. Coercion

Robles claims that he was coerced to plead guilty by his lawyer. This claim is belied by the record.

At his re-arraignment, Robles stated that no one promised him anything other than what was contained in the plea agreement. CR Dkt. No. 100, p. 42. He stated that no one had forced or threatened him in any way to make him give up his rights and plead guilty. Id. He also stated that he understood that his sentence would be determined by the District Judge after reviewing the PSR. Id., pp. 30-35. He also stated that he understood that he faced a minimum sentence of five years imprisonment and a maximum sentence of 40 years of imprisonment. Id., p. 23.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Robles testified in open court that he was not forced or coerced into pleading guilty and that no one had promised him anything, other than what was contained in the plea agreement, to induce him to plead guilty. He has provided no evidence to overcome the strong presumption of verity. Accordingly, this claim is belied by the record and should be denied.

### IV. Recommendation

It is recommended that the Petitioner Kenny Alan Robles's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Robles's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Robles's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on September 28, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge