United States District Court
Southern District of Texas
**ENTERED**
February 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KENNY ALAN ROBLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-106 |
| | § | CRIMINAL ACTION NO. 1:15-CR-1062-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

In August 2022, Plaintiff Kenny Alan Robles, representing himself, filed a Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1), challenging his conviction for Possession with Intent to Distribute a Quantity more than 500 grams of Cocaine on the grounds that the Government breached the plea agreement and that his lawyer coerced him to plead guilty.

A United States Magistrate Judge recommends that Robles's Motion be denied as untimely and substantively meritless. (R&R, Doc. 5) Robles objects to the Report and Recommendation, presenting the same arguments as within his Motion and arguing that he filed the Motion in a timely manner.[1] (Objections, Doc. 8) The Court reviews the portions of the Report and Recommendation to which Robles objects *de novo* and all other portions for plain error. *See* FED. R. CIV. P. 72(b)(3).

Based on the issues raised within Robles's Motion and the applicable law, the Court concludes that the Report and Recommendation correctly applies the law to the record in this case. As explained in the Report and Recommendation, the Motion is time-barred because Robles filed it well beyond one year after his conviction became final, and he fails to demonstrate any

---

[1] Robles also writes, "In the letter before denying my motion said (sic) that the time limit would not matter." (Objs., Doc. 8, 1) He does not specify to what letter he refers or the author of the letter. The record contains no letter or other document in which the Court or anyone else communicated a message along the lines of what Robles references in his objections.

"rare and exceptional circumstances" to justify an "equitable toll" of the one-year deadline. *See* 28 U.S.C. § 2255(f)(1); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Similarly, for the reasons expressed in the Report and Recommendation, Robles's substantive claims are meritless.

In his Objections, Robles appears to also argue, for the first time, that he received ineffective assistance of counsel because his attorney failed to object to the presentence investigation report's sentencing guideline calculation. (Objs., Doc. 8, 1–2) "It is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court". *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022); *see also United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("Instead, Armstrong first argued these issues in his objections to the magistrate judge's findings, conclusions and recommendations. These issues were not properly before the district court".). The Court declines to consider this argument.

As a result, the Court **OVERRULES** Robles's objections and **ADOPTS** the Report and Recommendation (Doc. 5). It is:

**ORDERED** that Plaintiff Kenny Alan Robles's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. 1) is **DENIED**.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Robles fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

This Order is a final and appealable judgment.

The Clerk of Court is directed to close this matter.

Signed on February 9, 2023.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge

2